IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RICHARDS & SOUTHERN, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | |
| **GINA TEES, LLC,** | § | **JURY TRIAL DEMANDED** |
| **STEVE POLAKOFF, and** | § | |
| **MEGAN NICHOLS,** | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Richards & Southern, Inc., for causes of action against Defendants, Gina Tees, LLC, Steve Polakoff, and Megan Nichols, states as follows:

### NATURE OF ACTION

1. This is an action for trademark infringement, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for related claims under Texas common law.

### PARTIES

2. Plaintiff, Richards & Southern, Inc. ("R&S"), is a Tennessee corporation with its principal place of business in Goodlettsville, Tennessee.

3. Defendant, Gina Tees, LLC ("Gina Tees"), is a Texas limited liability company, with its principal place of business at 1406 Avenue Q, Huntsville, Texas 77340-4363. Defendant Gina Tees may be served through its registered agent, Steve Polakoff, at 2758 West Feeder IH 45, New Waverly, Texas 77358 or wherever he may be found.

1

4. Defendant, Steve Polakoff ("Polakoff"), is one of two members of Gina Tees, who upon information and belief, exercises management control over Gina Tees. Defendant Polakoff may be served at his residence at 2 Kingscote Way, the Woodlands, Texas 77382, or wherever he may be found.

5. Defendant, Megan Nichols ("Nichols"), along with Polakoff, is one of two members of Gina Tees, who upon information and belief, also exercises management control over Gina Tees. Defendant Nichols may be served at her residence at 10507 Long Street Rd., Willis, Texas 77318 or wherever she may be found.

**JURISDICTION AND VENUE**

6. This court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplement jurisdiction of Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367.

7. This court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with this judicial district. Defendant Gina Tees is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located in this judicial district. Furthermore, Defendants transact business in this judicial district, and a substantial portion of the acts by Defendants giving rise to Plaintiff's claims and damages occurred in this judicial district.

9. Venue is proper in this judicial district because Defendants all reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.  28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

10. Plaintiff R&S is a third generation family business that originally began in 1959, and recently celebrated its 62nd anniversary.  Founder Bob Calonge, a school teacher, sold post cards and souvenirs during the summer months to supplement his teaching income for his growing family.  Bob Calonge and his wife, Betty Calonge, became lifetime business partners in a small company that they named Southern Post Card Co.  They worked out of their garage and on the kitchen table with their four children helping out when needed.  It was from this small company that a family legacy was launched, and it continues today as R&S.

11. Today, R&S is a nationally recognized turnkey merchandising company, with an award-winning design team boasting many years of collective experience with a vast range of design styles.

12. R&S has been able to leverage its extraordinary reputation in the industry and commitment to quality, to secure licensing rights to market and sell merchandise on behalf of some of the biggest recording artists and music production companies in the world, including George Strait Productions, Inc. ("GSP"), the production company for Grammy award winning recording artist, George Strait.

13. George Strait Productions, Inc. ("GSP") is the owner of certain trademarks and related intellectual property rights associated with George Strait, including rights in the famous trademark "GEORGE STRAIT," for use in connection with t-shirts and other merchandise (hereafter the "Trademark").  GSP has been granted multiple trademark registrations from the

United States Patent and Trademark Office for the Trademark, including Registration No. 2,448,665 for the mark "GEORGE STRAIT," for use in connection with t-shirts and other clothing, which issued on May 8, 2001 (Exhibit A).

14. GSP has granted R&S a limited exclusive license to use the Trademark in connection with selling and managing certain GSP merchandise in support of George Strait, including t-shirts, jerseys, hoodies, bags, tumblers, mugs, and license plates.

15. In conjunction with that license, R&S has expended considerable resources to market and promote the Trademark as part of its respective business.

16. The Trademark is well known throughout the United States and has come to exclusively identify goods licensed by GSP, including those goods for which R&S has an exclusive license to manufacture and sell.

17. R&S markets and sells its merchandise across the country through various outlets, including on its website www.richardsandsouthern.com, and in conjunction with tour performances by musical artists.

18. R&S is the proud winner of numerous awards for its exceptional work, including five Specialty Graphic Imaging Association Golden Imagine Awards. These awards include, among others: a Bronze award for its George Strait "Twang" Sand Tee in the Light Color Tee Printing Category; a Bronze award for its George Strait Black Cup in the Heat Transfer category; and an additional Gold Award for its George Strait License Plate in the Heat Transfer category.

19. Defendant Gina Tees, on the other hand, is a recently formed Texas limited liability company that has sought to unfairly benefit from R&S's extensive efforts to promote and market the well-known and famous Trademark.

20. According to the Texas Secretary of State, Defendant Gina Tees was formed in early 2019, and operates out of Huntsville, Texas.

**TEXAS SECRETARY of STATE**
**JOSE A. ESPARZA**

BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| Filing Number: | 803203269 | Entity Type: | Domestic Limited Liability Company (LLC) |
| Original Date of Filing: | January 7, 2019 | Entity Status: | In existence |
| Formation Date: | N/A | | |
| Tax ID: | 32069369364 | FEIN: | * |
| Duration: | Perpetual | | |
| Name: | Gina Tees LLC | | |
| Address: | 1406 AVENUE Q HUNTSVILLE, TX 77340-4363 USA | | |

21. Upon information and belief, Defendant Gina Tees is owned and controlled by Defendants Polakoff and Nichols, who are the sole members of Gina Tees.

22. Gina Tees makes, designs, markets, and sells merchandise, including t-shirts and other clothing. Gina Tees markets and sells that merchandise directly to customers, at least through the websites www.ginatees.com and www.ginateeswholesale.com ("Gina Websites"), which Gina Tees owns.

23. In addition, Gina Tees is engaged in the wholesale marketing and sale of its merchandise to various retailers for resale to consumers.

24. Upon information and belief, Polakoff and Nichols direct and control the decisions and conduct of Gina Tees, including decisions regarding the design of Gina Tees merchandise, the design and content of the Gina Websites, and the decision to sell particular merchandise to consumers and retailers.

25. Upon information and belief, Defendants Gina Tees, Polakoff, and Nichols have secured significant revenue by making, marketing, and selling clothing that unlawfully incorporates and exploits the Trademark.

26. Attached below are screenshots from Defendant Gina Tees' www.ginatees.com website obtained in or about February 2021 showing Defendants' unlawful exploitation and wrongful use of the Trademark:



27. Attached below is a picture cropped from the above screenshot showing Defendants' unlawful use and exploitation of the Trademark in further detail:



28. Upon information and belief, Defendants Polakoff and Nichols directed and controlled Gina Tees' decision to make merchandise incorporating the Trademark and to market and sell that merchandise to consumers and retailers.

29. Defendants are not authorized to use the Trademark in any manner and have benefited from the improper use and exploitation of the well-known and famous Trademark.

30. Upon information and belief, Defendants have sold in excess of $75,000 of merchandise bearing the well-known and famous Trademark, to consumers either directly through their website, or indirectly through retailers.

31. Defendants' improper exploitation and unlawful use of the Trademark is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendants with Plaintiff or the Trademark, or as to the origin, sponsorship, or approval of Defendants' commercial activities.

32. Because of Defendants' actions, Plaintiff has sustained, and will continue to sustain, irreparable harm, including to its valuable goodwill and reputation established in connection with the use and promotion of the Trademark, causing damages, loss of profits, and other harm for which there is no adequate remedy at law.

33. Plaintiff notified Defendants that their retail and wholesale sales of clothing bearing the Trademark violated Plaintiff's trademark rights on February 25, 2021. On information and belief, Defendants continued to sell infringing merchandise after that date. Moreover, despite the clear infringement, Defendants have refused to compensate Plaintiff for their past and continued unauthorized use of the Trademark.

## COUNT I - FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

34. The above paragraphs are incorporated by reference as if fully restated herein.

35. 15 U.S.C. § 1125(a) prohibits the use of false designations of origin, false descriptions, and false representations in the advertising and sale of goods and services.

36. The statute permits any person who believes that he or she is or is likely to be damaged by the proscribed conduct to bring a civil action.

37. Defendants' unauthorized marketing and sale of clothing bearing the Trademark violates 15 U.S.C. § 1125(a) and has damaged Plaintiff, and is likely to continue to damage Plaintiff.

38. Plaintiff is the exclusive licensee of the Trademark for use in connection with certain merchandise, including concert t-shirts. In conjunction with that license, Plaintiff has expended considerable resources to market and promote the Trademark as part of its business.

39. Defendants have improperly used the Trademark or a colorable imitation thereof in commerce and this use has damaged Plaintiff.

40. Further, Defendants, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein, and are jointly and severally liable for the damages to Plaintiff resulting from such acts.

41. As used by Defendants, the Trademark comprises a word, term, name, and false designation of origin that, in connection with Defendants' commercial activities, has caused and further is likely to cause confusion, mistake, or deception as to an affiliation, connection, or association of Defendant with Plaintiff or the Trademark, or as to the origin, sponsorship, or approval of Defendants' commercial activities, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

42. As a result of Defendants' wrongful actions, Plaintiff has sustained damages and irreparable harm, including to its valuable goodwill and reputation established in connection with

the use and promotion of the Trademark, causing damages, loss of profits, and other harm for which there is no adequate remedy at law.

43. Defendants have further benefited from the improper association of Defendants' Gina Websites and goods with Plaintiff and the Trademark.

44. Defendants' actions are willful and wanton, or in reckless disregard for the rights of Plaintiff.

45. By reason of the foregoing, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116, for the infringing products to be destroyed pursuant to 15 U.S.C. § 1118, and for actual damages, treble damages, disgorgement of Defendants' profits, the costs of this action, and attorneys' fees pursuant to 15 U.S.C. § 1117, among other relief.

## COUNT II – COMMON LAW UNFAIR COMPETITION.

46. The above paragraphs are incorporated by reference as if fully restated herein.

47. Defendants have no legitimate interest in using the Trademark.

48. Rather, Plaintiff has a limited exclusive license to the Trademark, and has expended considerable resources to market and promote the Trademark as part of its business.

49. Upon information and belief, Defendants' use of the Trademark is based on a bad faith intent to profit from the Trademark and to palm off Defendants' inferior goods as Plaintiff's high-quality goods.

50. Furthermore, Defendants' actions are likely to cause confusion, or mistake, or to deceive as to Defendants' affiliation, connection, or association with R&S and/or the Trademark.

51. As a result of Defendants' wrongful actions, Plaintiff has sustained damages and irreparable harm, including to its valuable goodwill and reputation established in connection with the use and promotion of Plaintiff's Trademark, causing damages, loss of profits, and other harm for which there is no adequate remedy at law.

52. Plaintiff is entitled to actual damages, disgorgement of Defendants' profits, and equitable relief, including injunctive relief.

## DEMAND FOR JURY

53. Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

## PRAYER

54. Plaintiff asks that the court grant Plaintiff judgment against Defendants for:

A. declaratory relief finding that Defendants' activities complained of herein are unlawful under the Lanham Act and state law;

B. an award of actual damages to compensate Plaintiff for its losses, damage to its business reputation, and lost sales and profits caused by Defendants' unlawful conduct;

C. actual damages, treble damages, and an accounting and disgorgement of Defendants' profits, the costs of this action, and attorneys' fees pursuant to 15 U.S.C. § 1117;

D. an award of punitive damages to punish Defendants for their intentional or reckless disregard of Plaintiff's rights, and to deter Defendants and other similarly situated parties from engaging in similar misconduct;

E. audit rights to confirm the destruction of all infringing products;

F. an award of pre-judgment and post-judgment interest to the maximum amount permitted by law;

G. permanent injunctive relief ordering Defendants and their employees, agents, officers, directors, and any and all persons or entities in active concert with them, to:

  (1) immediately cease and desist from engaging in any acts of trademark infringement and unfair competition, including, without limitation, offering, marketing, advertising, or marketing any goods or services bearing the Trademark;

  (2) immediately cease and desist from making or displaying any statement, representation, or depiction that is likely to lead the public to believe that Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, or authorized by Plaintiff.

 H. all other relief, in law and in equity, to which Plaintiff may be entitled.

Date: November 22, 2021   **A**KIN **G**UMP **S**TRAUSS **H**AUER **& F**ELD LLP

                Daniel Moffett
                Texas Bar No. 24051068
                SDTX Federal ID No. 2423268
                Dennis Windscheffel
                Texas Bar No. 24047127
                SDTX Federal ID No. 601048
                112 E. Pecan St., Suite 1020
                San Antonio, Texas 78205-3732
                Telephone: (210) 281-7000
                Fax: (210) 224-2035

                **ATTORNEYS FOR PLAINTIFF RICHARDS & SOUTHERN, INC.**